# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GERRY MARK VAUGHT,
        Plaintiff,

Case Number: 08-CV-11040

v.

HON. BERNARD A. FRIEDMAN

BARBARA SAMPSON ET AL.,
        Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Gerry Mark Vaught has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff, currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan, is proceeding without prepayment of the filing fee for civil actions under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] for failure to state a claim upon which relief may be granted.

In his complaint, Plaintiff challenges the procedures used by the Michigan Parole Board in the parole review process. Plaintiff claims that a change in the statute governing the appealability of parole denials violates the *Ex Post Facto* Clause and that changes to Michigan's parole laws and policies violated his rights under the Due Process Clause.

Prior to 1999, a parole board decision granting or denying parole was appealable by the

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

prisoner, prosecutor, or the victim of the crime for which the prisoner was convicted. Mich. Comp. Laws § 791.234(8). In 1999, the Michigan Legislature amended that provision to allow for appeals *only* from the action of the parole board in *granting* parole by the prosecutor or the victim. Mich. Comp. Laws § 791.234(9). In response to the 1999 amendment, the Michigan Supreme Court amended Michigan Court Rule 7.104, effective March 10, 2000, to eliminate the provisions regarding the methods by which a prisoner could appeal a parole denial. *See* M.C.R. 7.104(d)(1), (2)(a). In addition, the Michigan Court of Appeals has held that a prisoner may not appeal the denial of parole under the Administrative Procedures Act, Mich. Comp. Laws § 24.201, or the Revised Judicature Act, Mich. Comp. Laws § 600.631. Hopkins v. Michigan Parole Board, 237 Mich. App. 629 (Mich. Ct. App. 2000). Plaintiff argues that the elimination of parole appeals violated his rights under the *Ex Post Facto* Clause.

The controlling inquiry to determine whether a new parole-related rule or regulation implicates the *Ex Post Facto* Clause is "whether retroactive application of the change creates a sufficient risk of increasing the measure of punishment attached to the covered crimes." Garner v. Jones, 529 U.S. 244, 250 (2000). The Michigan legislature's elimination of appeals from the denial of parole did not create a significant risk of increasing the measure of punishment attached to covered crimes. Therefore, Plaintiff cannot establish an *Ex Post Facto* violation.

Second, Plaintiff argues that the parole procedures violated his rights under the Due Process Clause. Although in this claim, Plaintiff purports to challenge the parole board's process, he is, in fact, challenging the actual denial of parole.

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In Heck v.

2

Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a prisoner may not challenge the reliability and legality of his confinement under § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87. *See also* Schilling v. White, 58 F.3d 1081, 1085 (6th Cir. 1995) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus") (internal quotation omitted).

The Sixth Circuit Court of Appeals clarified the correct application of Heck in Dotson v. Wilkinson, 329 F.3d 463 (6th Cir. 2003) (en banc), *cert. granted* 124 S. Ct. 1652 (2004). The Sixth Circuit held that, while a prisoner may not challenge a parole proceeding in a § 1983 action where the challenge, if successful, will necessarily imply the invalidity of his continued confinement, a prisoner may challenge a parole proceeding in a § 1983 action where the prisoner:

> does not claim immediate entitlement to parole or seek a shorter sentence but instead lodges a challenge to the procedures used during the parole process as generally improper or improper as applied in his case, and that challenge will at best result in a new discretionary hearing the outcome of which cannot be predicted.

Id., 329 F.3d at 472. The Sixth Circuit further reasoned:

> [A]n incarcerated person obviously seeks to be released from confinement. A prisoner cares not a whit as to how that happens, but this court must care. We do

3

not read into a legal claim what we know on a human level is realistically there: a prisoner who objects to his confinement may nevertheless raise a section 1983 claim, a legal claim, if his due process rights have been violated and the challenge does not *necessarily* implicate the []validity of his continued confinement.

Id. at 472.

In Dotson, a prisoner filed a § 1983 claim arguing that his rights were violated when a single parole board member conducted his initial parole hearing rather than the minimum two-member panel required by the Ohio Code. The Court of Appeals held this claim was properly filed under § 1983 because the success of his claim would result in a new hearing, not necessarily in his release on parole. Id. at 470-71.

In this case, Plaintiff claims to challenge the procedures used during the parole process rather than the denial of parole. However, the substance of his complaint clearly challenges the denial of parole as he claims that the parole board's basis for denying him parole was improper. The parole board's decision has not been invalidated. Thus, Plaintiff's claims are not cognizable under § 1983, and this Court must dismiss Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted.

Accordingly, **IT IS ORDERED** that Plaintiff's complaint is **DISMISSED**.

  s/Bernard A. Friedman
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: April 4, 2008

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager to Chief Judge Friedman